# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00298-GCM

| | |
|---|---|
| DOREEN SALAMONE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CENTRAL PIEDMONT COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER COMES** before the Court on the Defendant's Motion for Summary Judgment ("Motion") (Doc. No. 12). The Court, having carefully considered the briefs and materials submitted in support of the Motion and in opposition thereto, and being otherwise fully advised, finds and orders as follows:

## I.    FACTUAL BACKGROUND

Plaintiff, Doreen Salamone, worked as an instructor at Central Piedmont Community College beginning in October 1996 until she was terminated in December 2017. (Doc. No. 12-1, at 2; Doc. No. 14, at 2). Leading up to the termination, Plaintiff's supervisor was Karen Summers, and Ms. Summers' supervisor was Kay Miller. (Doc. No. 12-1, at 3; Doc. No. 14, at 2). In 2014, possibly as a result of a dispute over a noisy refrigerator, Plaintiff's relationship with her supervisors began to sour. (Doc. No. 12-1, at 3). On August 7, 2017, Plaintiff submitted a reasonable accommodation request to Defendant which appears to have stemmed, in large part, from her poor relationship with Ms. Summers and Ms. Miller. For example, Plaintiff alleged that she had Post-Traumatic Stress Disorder ("PTSD") which was triggered by her interactions with

1

"[Ms.] Summers and [Ms.] Miller." (Doc. No. 14, at 2). According to Plaintiff, the PTSD impacted her ability to (1) interact with others, (2) breathe, (3) work, (4) think, and (5) concentrate. (Doc. No. 14, at 1). Plaintiff requested several possible accommodations, including assignment "to a different supervisor independent . . . from" Ms. Miller's influence. (Doc. No. 14-10, at 2).

Defendant denied Plaintiff's request for accommodation. (Doc. No. 14, at 7). And, because Defendant believed it was clear that Plaintiff could not continue in her current position, Defendant offered Plaintiff three options: (1) job reassignment, (2) short-term disability, and (3) resignation. (Doc. No. 12-1, at 19; Doc. No. 14, at 7). Plaintiff did not respond to Defendant's offer, and Defendant terminated her employment on December 5, 2017. (Doc. No. 12-1). Defendant's termination of Plaintiff and denial of her request for accommodation are the basis of Plaintiff's claims.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* at 323. Once the movant has met the initial burden, the burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In considering a motion for summary judgment, a Court views all evidence in the light

most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). However, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Further, where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the proof at trial . . .[,] there can be no genuine issue as to [a] material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322, 323 (citation and quotations omitted). It is with these standards in mind that the Court considers the present matter.

## III. DISCUSSION

Defendant moves for summary judgment against Plaintiff's (1) disability discrimination claim and (2) failure to accommodate claim. Because Plaintiff was not disabled and was not a qualified individual for her position, the Court agrees.

### A. Discrimination

"To establish a claim for disability discrimination under the ADA, a plaintiff must prove (1) that she has a disability, (2) that she is a qualified individual for the employment in question, and (3) that her employer discharged her (or took other adverse employment action) because of her disability." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015) (citing *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000)). Here, Defendants allege that the Court should grant summary judgment against Plaintiff's disability discrimination

claim for two reasons: (1) Plaintiff was not disabled, and (2) Plaintiff was not a qualified individual.

1. **Disability**

First, we turn to Defendant's argument that Plaintiff is not disabled. "Under the ADA, a 'disability' may take any of the following forms: (1) 'a physical or mental impairment that *substantially limits* one or more major life activities' (the 'actual-disability' prong); (2) 'a record of such an impairment' (the 'record-of' prong); or (3) 'being regarded as having such an impairment' (the 'regarded-as' prong)." *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014) (citing 42 U.S.C. § 12102(1)) (internal quotations omitted). With regard to the "actual-disability" prong, "to be substantially limited in the major life activity of working, . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skill (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs." *Taylor v. Fed. Express Corp.*, 429 F.3d 461, 464 (4th Cir. 2005) (citing *Sutton v. United Air Lines*, 527 U.S. 471, at 491-92 (1992)). It follows that "obtaining a new job is evidence that an impairment is not substantially limiting. *Lewis v. Balt. City Bd. of Sch. Comm'rs*, 187 F. Supp. 3d 588, 598 (D. Md. 2016) (citing *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 468 (4th Cir. 2002).

Defendant argues that Plaintiff's impairment (PTSD) did not substantially limit her ability to work because the evidence establishes, at most, that Plaintiff is unable to work with specific co-workers, not that she was "generally foreclosed from jobs utilizing her skill." (Doc. No. 21-1, at 23) (citation and quotations omitted). Plaintiff responds that she "has an actual disability" because she was being treated for depression, anxiety, and PTSD, and the reasonable accommodation request she submitted to Defendant indicated that those impairments "affected . . . major life

activities" such as "interacting with others, breathing, working, thinking, and concentrating." (Doc. No. 14, at 12). "Based on that evidence," Plaintiff concludes, she "was suffering from an actual disability as defined by the ADAAA." (Doc. No. 14, at 12).

However, Plaintiff's reasonable accommodation request also indicated that the only job function impacted by her impairments was "interacting with [Ms.] Summers and [Ms.] Miller." (Doc. No. 14-10, at 2). Thus, Plaintiff does not allege that she is unable to perform her work generally; instead, she alleges only that she cannot work with her supervisors. Further illustrating that fact, Plaintiff proposed, as a possible accommodation, that Defendant simply assign her to different supervisors, suggesting that she was able to perform her work absent Ms. Summer and Ms. Miller's supervision. (Doc. No. 14-10, at 2). Because Plaintiff has failed to allege facts showing that she was generally foreclosed from jobs utilizing her individual skills, Plaintiff has failed to make a showing sufficient to establish that she is actually disabled. *See Taylor*, 429 F.3d at 464; *Rhodes v. Comcast Cable Communs. Mgmt., LLC*, Civil Action No. GLR-14-1824, 2016 U.S. Dist. LEXIS 108898, at *24 (D. Md. Aug. 17, 2016) (holding that an ADA plaintiff was not disabled where she only showed that she was unable "to work in a particular group" and where she failed to show "that she was generally foreclosed from utilizing her skills"); *Howell v. Holland*, Civil Action No. 4:13-cv-0295-BHH-TER, 2014 U.S. Dist. LEXIS 182306, at *19 (D.S.C. Aug. 12, 2014) (denying an ADA plaintiff's claim where there was no evidence that the plaintiff's impairments prevented him from working in his profession and finding that it "strained credulity to conclude that [the plaintiff was] substantially limited in the major life activity of working simply because he [could not work with a specific co-worker]"); *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 525 (7th Cir. 1996) (Finding that where an ADA plaintiff was able to "do the same job for another supervisor," she was not disabled.).

5

Plaintiff also argues that in addition to being actually disabled, she was also regarded as disabled. (Doc. No. 14, at 13). In support, she asserts that "[i]t is not disputed that [Plaintiff] requested reasonable accommodation for her disability in August 2017."[1] However, evidence that Plaintiff requested reasonable accommodation simply is not evidence that Defendant regarded her as disabled. By arguing the contrary, Plaintiff asks the Court to hold, without citation to any authority, that the very act of requesting accommodation satisfies one of the elements used to evaluate those requests when they are denied. The Court declines to do so. *See Davis v. District of Columbia*, 503 F. Supp. 2d 104 (D.D.C. 2007) (For purposes of summary judgment, perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("It is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel, and we have warned that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived.").

**2. Qualified Individual**

Second, we turn to Defendant's argument that Plaintiff is not a qualified individual. A qualified individual is defined as someone who, "with or without reasonable accommodation, can

---

[1] Plaintiff also asserts the following:

> It is also not disputed that [Plaintiff] was performing her job in an acceptable fashion, and that she had not been recommended for discipline. [Plaintiff] attempted to be accommodated by submitting the August 2017 reasonable accommodation form to Paul Santos who then removed her from her position and indicated that she would not be returned to that position."

(Doc. No. 14, at 13). In addition to the fact that Plaintiff makes no citation to the record when making those assertions, Plaintiff fails to explain how or why the facts that she performed acceptably, she was not recommended for discipline, and she was removed from her position show that she was *regarded as disabled*.

perform the essential functions of the employment position that such an individual holds or desires." *Id.* § 12111(8). Being able to work with one's supervisor or co-workers is an essential job function. *See Gaul v. Lucent Technologies*, 134 F.3d 576, 581 (3rd Cir. 1998) (holding that, where an ADA plaintiff refused to work with a co-worker that allegedly caused him stress, the plaintiff was not a qualified individual under the ADA); *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 384 (2nd Cir. 1996) (holding that an essential function of an ADA plaintiff's job was to work under her assigned supervisor); *Prichard v. Dominguez*, 2006 U.S. Dist. LEXIS 46607 (N.D. Fla. June 29, 2006) (holding that an ADA plaintiff who refused to perform an essential function of her job—working with her supervisor—was not a "qualified individual with a disability").

Here, Plaintiff asserted, in her reasonable accommodation request, that interacting with her supervisors, Ms. Summers and Ms. Miller, "affects [her] ability to perform job functions due to severe anxiety and panic attacks." (Doc. No. 14-10). Defendant argues that because Plaintiff cannot work with her supervisors, she cannot perform an essential job junction. (Doc. No. 12-1, at 15). Defendant's argument is clearly supported by the cases cited above, and, because Plaintiff provides no response to that argument, the Court considers Defendant's argument undisputed. *See* Fed. R. Civ. P. 56(e)(2). Because Plaintiff has failed to establish both the first element (that she is disabled) and the second element (that she is a qualified individual) of her disability discrimination claim, the Court grants summary judgment against it. *See Celotex*, 477 U.S. at 322, 323.

**B. Failure to Accommodate**

To establish a claim for failure to accommodate under the ADA, a plaintiff must prove "(1) that she was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of her disability; (3) that with reasonable accommodation she could perform

7

the essential functions of the position; and (4) that the employer refused to make such contributions." *Jacobs*, 780 F.3d at 579 (citing *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013)). The Court has already held that Plaintiff failed to show that she was disabled under the ADA. *See supra* at 4-6. Because Plaintiff has failed to establish the existence of an element essential to her failure to accommodate claim, summary judgment against that claim is appropriate. *See Celotex*, 477 U.S. at 322, 323.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment against Plaintiff's discrimination claim and Plaintiff's failure to accommodate claim is **GRANTED**. Because no claims remain, this case is **DISMISSED** with prejudice.

**SO ORDERED**.

Signed: February 11, 2020

Graham C. Mullen
United States District Judge